No. 4038

Second Circuit

SMITH v. GRAND UNITED ORDER OF ODD FELLOWS OF LOUISIANA, DISTRICT GRAND LODGE No. 21

(July 14, 1931. Opinion and Decree.)
(October 1, 1931. Rehearing Refused.)
(November 3, 1931. Writ of Certiorari and Review Refused by Supreme Court.)

Warren Hunt, of Rayville, attorney for plaintiff, appellant.

F. R. Smith, of New Orleans, attorney for defendant, appellee.

DREW, J. Plaintiff sued on a policy of insurance issued by the defendant on the life of Johnnie Smith, claiming to be his lawful widow and the beneficiary named in said policy; and that Johnnie Smith was a member of the local order of Odd Fellows at Rayville, Louisiana, and in good standing at the time of his death. She attached the insurance policy to the petition and made it a part thereof.

Defendant admits that deceased was in good standing at the time of his death, and that a policy of insurance was issued to him; admits his death and denies that petitioner was the lawful wedded wife of deceased; and that if she is the same Christian Smith for whom the new policy was issued on the life of Johnnie Smith, she is guilty of laches by retaining the same policy and not intervening in the suit of Martha Smith against the defendant, wherein Martha Smith was claiming to be the lawful widow and beneficiary of the deceased.

On these issues the case was tried below, resulting in judgment for defendant rejecting the demands of plaintiff. From this judgment, plaintiff has appealed.

The record discloses that Johnnie Smith and Mattie Smith were married on December 26, 1888, in the parish of Richland, Louisiana, and fails to show that there was ever a divorce granted to them. On October 12, 1908, a policy of insurance was issued by defendant on the life of Johnnie Smith in which policy the beneficiary named was "Mrs. Martha Smith," the relation to the insured being left blank. A short time after the issuance of this policy Martha or Mattie Smith left Johnnie Smith and went to Chicago, never returning until after his death. In April, 1919, the plaintiff met Johnnie Smith and on May 20, 1919, was married to him at Tallulah, Louisiana. The license was secured in Tallulah and the ceremony performed there. She continued to live with him as his wife until his death on March 25, 1930. On April 10, 1920, Johnnie Smith had the beneficiary in the insurance policy changed to "Christian Smith," relation, "wife," and, as was shown to be the custom of the defendant, a new policy was issued, dated the same as the first policy, and on the face of it was written "B. C., 4/10/20,"

which is shown by the evidence to mean "Beneficiary changed, April 10, 1920."

On May 16, 1930, Martha Smith, alleging herself to have been the lawful wedded wife of Johnnie Smith at the time of his death and the beneficiary in the policy of insurance originally issued to him, which she alleged she had always had in her possession, filed suit against the defendant on said policy. Defendant answered the suit admitting the issuance of the policy of insurance with the plaintiff, Martha Smith, named as beneficiary; admitted the good standing of deceased at the time of death, and especially alleged that Johnnie Smith had, in keeping with the laws, rules, and regulations of the defendant institution, changed the designation of his beneficiary from "Martha Smith" to "Christian Smith, wife," on April 10, 1920, and policy No. 591 was issued to him in lieu of the former policy (policy No. 591 is the policy sued on by Christian Smith). It further alleged that due proof of death of Johnnie Smith was filed, in keeping with the rules of the defendant institution, on April 2, 1930, which proof of death contained the name of Christian Smith, wife, as beneficiary. It prayed that Christian Smith be made a party defendant in the cause.

Of date June 9, 1930, there was issued by the clerk of court a summons to Christian Smith to comply with the demand of the original petition and answer and call in warranty, which summons was not served on her until June 30, 1930. The case was fixed for trial, and on June 19, eleven days before the summons was served on Christian Smith, the defendant Odd Fellows making no further appearance, Martha Smith proved up her case and was awarded judgment, as prayed for.

It is easy to see that defendant's plea of laches on the part of plaintiff for not intervening in the Martha Smith suit falls for the reason that Martha Smith had secured judgment eleven days before plaintiff was served with notice of suit, and it is not shown that she had any other knowledge of the suit of Martha Smith. She filed the present suit on December 6, 1930.

The uncontradicted testimony is that Christian Smith was married to Johnnie Smith in good faith, believing him to be a single man, and that she never heard from him or anyone else, until this litigation arose, that he had ever been married before; that she lived with him as his wife and everyone so considered her, even his lodge brothers. This testimony is not denied by any witness, and the fact that she was married in Tallulah, instead of Rayville, where she and Johnnie were both living in no way reflects on her good faith.

Although the marriage was a nullity because Johnnie Smith was not divorced from his first wife, it produces nevertheless its civil effects. It was a putative marriage.

Civil Code, article 117:

"The marriage which has been declared null produces nevertheless its civil effects as it relates to the parties and their children, if it has been contracted in good faith."

Civil Code, article 118:

"If only one of the parties acted in good faith, the marriage produces its civil effects only in his or her favor and in favor of the children born from the marriage." McCaffrey v. Benson, 40 La. Ann. 10, 3 So. 393; Miller v. Wiggins, 149 La. 720, 90 So. 109; and cases cited therein.

Under the above articles of the Code and the decisions cited thereunder, a putative wife, in so far as the civil effects are concerned, is treated the same as a lawful wedded wife, and it follows that a wife who has married in good faith has an insurable interest in the life of her husband. Although a man's concubine has no insurable interest in his life, it is otherwise as to a putative wife who has the same status and, therefore, the same insurable interest as a lawful wife.

"A woman who has lived with the insured as his wife, in the belief that she was legally married, and who is dependent on him for support, is eligible to become a beneficiary as a dependent." Cooley's Briefs on Insurance (2d Ed.) Vol. 2, p. 1337; Frank v. Frank, 209 Ala. 630, 96 So. 859, 32 A. L. R. 1478.

Plaintiff was the putative wife of deceased and had an insurable interest in his life, the same as his lawful wife. She was made his beneficiary in the policy sued on, in accordance with the rules and laws of the defendant institution, and is entitled to recover on the policy. She would also be entitled to recover on the policy as a dependent, under section 6 of Act No. 256 of 1912, unless it was clearly shown that she was not dependent on her husband.

Revised Civil Code, article 120:

"* * * dependence founded on a moral duty to provide for another must be recognized." Cooley's Briefs on Insurance (2d Ed.) Vol. 2, p. 1333.

While it is true that plaintiff does not specially allege dependency, she alleged that she was the beneficiary and, we think, entitled to recover, for the reason that she was a putative wife, or that she was a dependent or under any other head that she might fall, as enunciated in section 6 of Act No. 256 of 1912.

It is urged that the by-laws of defendant were not introduced in evidence, and therefore it is not shown that the change of beneficiary was made in accordance therewith. When plaintiff offered the policy and proved the change of beneficiary, she had made out a prima facie case, and it was then incumbent upon the defendant to show that the change was not made in accordance with the rules and laws of the defendant institution. This it failed to do. However, there is in evidence the judicial admission of defendant that the change of beneficiary was made in accordance with the rules and laws of the defendant institution. Without said judicial admission, it is to be presumed that the change of beneficiary was regular and in accordance with the laws of the defendant institution, unless there is proof to the contrary.

"* * * The burden is on one asserting ineligibility to prove it." Cooley's Briefs on Insurance (2d Ed.) Vol. 2, p. 1339. "In the absence of proof to the contrary, the presumption is that a named beneficiary is a legal one." Cooley's Briefs on Insurance (2d Ed.) Vol. 2, p. 1338.

The judgment of the lower court rejecting the demands of plaintiff is erroneous and will have to be reversed. It is therefore ordered, adjudged, and decreed that the judgment of the lower court be reversed, and there now be judgment in favor of plaintiff Christian Smith, and against the defendant Grand United Order of Odd Fellows of Louisiana, District Grand Lodge No. 21, in the full sum of $500, with legal interest thereon from judicial demand until paid, and for all costs of this suit.

McGREGOR, J., recused.