gard to the alleged relationship to Allen Sumner of James Randall as are contained in plaintiff's petition, she asks that she be paid the proceeds of the policy of insurance.

It is observed that neither plaintiff nor the intervener made James Randall a party to the suit. The latter appeared by intervention, setting up affirmatively all the facts which they had averred negatively regarding his relationship and claims that he alone is entitled to the proceeds of the certificate and the burial benefit of $70. In the alternative, in the event that it should be decreed that he is not so entitled thereto, he alleges that he paid dues and assessments for the deceased on the policy amounting to the sum of $101.75, which he is entitled to collect out of the proceeds of the policy, and he prays accordingly.

The claims of Fannie Sumner, alleged wife of the deceased are contested by plaintiff on the ground that, at the time she pretends to have married Allen Sumner, his legal wife, Harriet Mathews was still living, and they had never been divorced. Therefore, any such marriage as claimed by her was bigamous and produced no legal effects.

It becomes apparent at once that, if plaintiff and intervener Fannie Sumner can show that James Randall was not the nephew of Allen Sumner, there being no other relationship in which he could become a beneficiary under the policy, there is then no legal beneficiary, and the contest would resolve itself into one over the respective claims of Isaiah Sumner as heir of his father, and Fannie Sumner, alleged wife and former beneficiary. On the other hand, if Randall is shown to be a nephew, he is a qualified and legal beneficiary as a "relative by blood to the fourth degree" under the provisions of Act No. 256 of 1912, entitled as such to the proceeds of the policy, and all contests are at an end.

The direct issue therefore may be said to be the eligibility or ineligibility of James Randall as a beneficiary, and its solution to depend on the question as to who had the burden of proof.

The district judge held that the burden was on Isaiah Sumner and Fannie Sumner to support their charge of Randall's ineligibility. He based his ruling on the case of Smith v. Grand United Order of Odd Fellows, 17 La. App. 532, 136 So. 124, 126, wherein it was held, in effect, that, on offer of the policy itself and proof of change of beneficiary, there is a prima facie case made out which makes it incumbent upon the one so claiming that there was some irregularity which vitiated the change. As authority, the court cited Cooley's Briefs on Insurance, quoting the following from volume 2, pp. 1338 and 1339:

"In the absence of proof to the contrary, the presumption is that a named beneficiary is a legal one. * * *

"The burden is on one asserting ineligibility to prove it."

██ Clearly the ruling of the district judge in this case was correct according to that authority. The named beneficiary in the policy is James Randall, designated by the assured himself as his nephew, thus creating the presumption that he is eligible to receive the benefits accruing thereunder. Isaiah Sumner and Fannie Sumner are the parties asserting that he is ineligible, and therefore have the burden of proving that he is. The only attempt made to discharge the burden upon them is the rather negative testimony of Isaiah Sumner, who says that Randall was not related to his father and mother and that his father had never told him anything about Randall being his nephew. Such evidence can hardly be deemed sufficient to overcome the presumption arising from the designation of the beneficiary, made under the form of an affidavit as the testimony discloses. Besides, the record is replete with testimony of numerous witnesses to whom Allen Sumner had stated that James Randall was his nephew, the son of a sister he had left in Tennessee, and who, it is shown later on, also came to live in Louisiana.

We are satisfied of the correctness of the judgment of the lower court which rejected the claims of the plaintiff and of the intervener Fannie Sumner, and recognized the intervener James Randall as the beneficiary under the policy of insurance issued by the defendant in this case and as such entitled to the proceeds thereof.

Judgment affirmed.

GRAND LODGE, GENERAL GRAND INDEPENDENT ORDER OF BROTHERS AND SISTERS OF LOVE & CHARITY, etc., Inc., v. James RANDALL and Isaiah Sumner.

No. 1183.

Court of Appeal of Louisiana. First Circuit.

April 17, 1933.

Chas. J. Mundy, of New Orleans, for appellant.

Rene H. Himel, of Franklin, for appellees.

**LE BLANC, Judge.**

This is one of the two suits referred to in the opinion in the case of Isaiah Sumner v. Grand Lodge, Knights of Pythias of State of Louisiana (La. App.) 147 So. 747, this day handed down, in which the issue as between Isaiah Sumner and James Randall, intervener in that proceeding, is the same. As stated in the opinion in that case, the suits were consolidated for the purpose of trial and also for argument before this court. In this suit, judgment was rendered in favor of James Randall recognizing him as beneficiary under the policy issued by the plaintiff in this case in favor of Allen Sumner, deceased, and as such, entitled to the proceeds thereof which had been deposited by plaintiff in the registry of the court.

For the same reasons as are assigned in the case of Isaiah Sumner v. Grand Lodge, Knights of Pythias, it is ordered that the judgment appealed from herein be, and the same is hereby, affirmed.

---

## GRAND LODGE, KNIGHTS AND LADIES OF HONOR OF AMERICA, Inc., v. James RANDALL and Isaiah Sumner.
### No. 1184.

Court of Appeal of Louisiana. First Circuit.
April 17, 1933.

Chas. J. Mundy, of New Orleans, for appellant.

Rene H. Himel, of Franklin, for appellees.

**LE BLANC, Judge.**

This is one of the two suits referred to in the opinion in the case of Isaiah Sumner v. Grand Lodge, Knights of Pythias of the State of Louisiana (La. App.) 147 So. 747, this day handed down, in which the issue as between Isaiah Sumner and James Randall, intervener in that proceeding, is the same. As stated in the opinion in that case, the suits were consolidated for the purpose of trial and also for argument before this court. In this suit, judgment was rendered in favor of James Randall recognizing him as beneficiary under the policy issued by the plaintiff in this case in favor of Allen Sumner, deceased, and, as such, entitled to the proceeds thereof which had been deposited by plaintiff in the registry of the court.

For the same reasons as are assigned in the case of Isaiah Sumner v. Grand Lodge, Knights of Pythias, it is ordered that the judgment appealed from herein be, and the same is hereby, affirmed.

---

## MUSTACK v. UNION INDEMNITY CO.
### No. 1105.

Court of Appeal of Louisiana. First Circuit.
April 17, 1933.

C. V. Pattison, of Lake Charles, for appellant.

Fern M. Wood, of Leesville, for appellee.

**ELLIOTT, Judge.**

Jimmie Mustack alleges that the Union Indemnity Company is his obligor in the matter of the compensation insurance furnished by James Stanton Construction Company; that as one of the employees of the said construction company, and while working in the construction of a highway and endeavoring to lift a large piece of machinery known as the separator-grader, he sustained a hernia, thereby producing in himself a permanent, total disability to do work of any reasonable character. He claims compensation of the Union Indemnity Company, on account of its said