## SUMNER v. GRAND LODGE, K. P. OF LOUISIANA (SUMNER et al., Interveners).

### No. 1182.

Court of Appeal of Louisiana. First Circuit.

April 17, 1933.

Chas. J. Mundy, of New Orleans, for appellant.

Rene H. Himel, of Franklin, for appellee.

LE BLANC, Judge.

The record in this case was recently before us on an application on the part of Isaiah Sumner for mandamus to compel the district judge to grant him a suspensive appeal from a judgment rejecting his demands. State ex rel. Sumner v. Simon, Judge, 144 So. 645. The application was denied, and the case now comes before us on the devolutive appeal which had been perfected.

As stated in the opinion of the court on the application for mandamus, it was necessary for us to consult the whole record in order to pass on the question of the relator's right to a suspensive appeal, and the issue presented was therein correctly stated as being a contest over the proceeds of a certain policy or certificate of insurance in the sum of $500 together with a burial benefit in the sum of $70, issued by the defendant, Grand Lodge, Knights of Pythias of the State of Louisiana, on the life of Allen Sumner. The contest may properly be said to be between Isaiah Sumner, son of Allen Sumner, now deceased, and Fannie Sumner, his widow by second marriage, and James Randall, beneficiary under the policy, designated therein as a nephew of the deceased.

As also mentioned in the opinion referred to, there are two other suits involving policies or certificates of insurance on the life of Allen Sumner in two other fraternal insurance companies; one being in the Grand Lodge, Knights and Ladies of Honor of America, Inc. (147 So. 749), for the sum of $300, and the other in the Grand Lodge, General Grand Independent Order of Brothers and Sisters of Love and Charity, etc. (147 So. 748), for the sum of $300. Both these societies, having had demands made on them for the payment of the proceeds of the policies by both Isaiah Sumner and James Randall, provoked concursus proceedings by depositing the money in the registry of the court and citing the parties interested to come and assert their rights thereto. As the issues between the two claimants were the same as in this proceeding, all three suits were consolidated for the purpose of trial, and were also consolidated in this court for argument.

From the testimony it appears that Allen Sumner had frequently changed beneficiaries in the policies held by him. Isaiah Sumner, in his petition in this suit, alleges that he is his legal son, and that, when the certificate was first issued, his mother, Harriet Sumner, and himself were named beneficiaries. He alleges that shortly before his father died a new certificate was issued in which one James Randall was made beneficiary, and the relation of nephew was given as existing between him and the assured. He alleges further that James Randall was no relative whatever of Allen Sumner, and, when the latter designated him as his nephew, he perpetrated a fraud upon both petitioner (who is himself) and the defendant fraternal society, knowing at the time that there was no such relationship, all of which was in violation of the provisions of Act No. 256 of 1912. This act provides, under section 6, that death benefits in societies like the defendant herein shall be confined to "wife, husband, relative by blood to the fourth degree," and certain other designated parties. Contending that Randall could not qualify under any of the classes mentioned in the statute, and in default of a legal beneficiary under the policy, plaintiff claims the proceeds as the only son and heir of the deceased.

Fannie Sumner, in her intervention, claims that she was formerly designated as beneficiary under the policy in the relationship of wife. She avers that about the month of May, 1928, Allen Sumner changed the designation of beneficiary from herself, as wife, to James Randall, nephew, and then, making practically the same allegations with re-

gard to the alleged relationship to Allen Sumner of James Randall as are contained in plaintiff's petition, she asks that she be paid the proceeds of the policy of insurance.

It is observed that neither plaintiff nor the intervener made James Randall a party to the suit. The latter appeared by intervention, setting up affirmatively all the facts which they had averred negatively regarding his relationship and claims that he alone is entitled to the proceeds of the certificate and the burial benefit of $70. In the alternative, in the event that it should be decreed that he is not so entitled thereto, he alleges that he paid dues and assessments for the deceased on the policy amounting to the sum of $101.75, which he is entitled to collect out of the proceeds of the policy, and he prays accordingly.

The claims of Fannie Sumner, alleged wife of the deceased are contested by plaintiff on the ground that, at the time she pretends to have married Allen Sumner, his legal wife, Harriet Mathews was still living, and they had never been divorced. Therefore, any such marriage as claimed by her was bigamous and produced no legal effects.

It becomes apparent at once that, if plaintiff and intervener Fannie Sumner can show that James Randall was not the nephew of Allen Sumner, there being no other relationship in which he could become a beneficiary under the policy, there is then no legal beneficiary, and the contest would resolve itself into one over the respective claims of Isaiah Sumner as heir of his father, and Fannie Sumner, alleged wife and former beneficiary. On the other hand, if Randall is shown to be a nephew, he is a qualified and legal beneficiary as a "relative by blood to the fourth degree" under the provisions of Act No. 256 of 1912, entitled as such to the proceeds of the policy, and all contests are at an end.

The direct issue therefore may be said to be the eligibility or ineligibility of James Randall as a beneficiary, and its solution to depend on the question as to who had the burden of proof.

The district judge held that the burden was on Isaiah Sumner and Fannie Sumner to support their charge of Randall's ineligibility. He based his ruling on the case of Smith w. Grand United Order of Odd Fellows, 17 La. App. 532, 136 So. 124, 126, wherein it was held, in effect, that, on offer of the policy itself and proof of change of beneficiary, there is a prima facie case made out which makes it incumbent upon the one so claiming that there was some irregularity which vitiated the change. As authority, the court cited Cooley's Briefs on Insurance, quoting the following from volume 2, pp. 1338 and 1339:

"In the absence of proof to the contrary, the presumption is that a named beneficiary is a legal one. * * *

"The burden is on one asserting ineligibility to prove it."

Clearly the ruling of the district judge in this case was correct according to that authority. The named beneficiary in the policy is James Randall, designated by the assured himself as his nephew, thus creating the presumption that he is eligible to receive the benefits accruing thereunder. Isaiah Sumner and Fannie Sumner are the parties asserting that he is ineligible, and therefore have the burden of proving that he is. The only attempt made to discharge the burden upon them is the rather negative testimony of Isaiah Sumner, who says that Randall was not related to his father and mother and that his father had never told him anything about Randall being his nephew. Such evidence can hardly be deemed sufficient to overcome the presumption arising from the designation of the beneficiary, made under the form of an affidavit as the testimony discloses. Besides, the record is replete with testimony of numerous witnesses to whom Allen Sumner had stated that James Randall was his nephew, the son of a sister he had left in Tennessee, and who, it is shown later on, also came to live in Louisiana.

We are satisfied of the correctness of the judgment of the lower court which rejected the claims of the plaintiff and of the intervener Fannie Sumner, and recognized the intervener James Randall as the beneficiary under the policy of insurance issued by the defendant in this case and as such entitled to the proceeds thereof.

Judgment affirmed.