### BENEDICT v. GRAND LODGE, K. P. *
### No. 14584.

Court of Appeal of Louisiana. Orleans.
May 22, 1933.

---

Loys Charbonnet, of New Orleans, for appellant.

R. J. Weinmann, of New Orleans, for appellee.

JANVIER, Judge.

Petitioner, Loulla Benedict Logwood, claims of defendant, a fraternal insurance company, organized under the laws of this state, $570. $500 represents the face of the policy and the additional claim for $70 is made because of the alleged right in claimant as the person who paid for the funeral to the burial and funeral benefit which goes with membership in defendant organization.

Nearly fifteen years ago defendant issued a policy of insurance on the life of Benjamin Logwood and, in that policy, his then wife, Mrs. Lavinia Gibbs Logwood, was named beneficiary. Subsequently a judgment was rendered granting to Logwood a divorce from the said Lavinia Gibbs. Whether that divorce was validly granted is not an issue in this case. Later Logwood married the present plaintiff and he obtained from defendant a policy naming her as beneficiary. Logwood died in March, 1932, and in April, his first wife, Lavinia Gibbs Logwood, filed in the civil district court a suit in which she claimed the face value of the policy originally issued by defendant, and in which she had been named beneficiary. That suit fell by allotment to division B of the civil district court. Later in the same year this suit was brought, plaintiff claiming under the second policy in which she was named beneficiary.

The answer in this suit admitted all the material allegations of the petition, but it contained an averment that another person, to wit, the said Lavinia Gibbs Logwood, claiming to be the widow of deceased, had filed another suit to which we have already referred.

When the first suit, which had been allotted to division B, came up for trial, a judgment was rendered in favor of that plaintiff, to wit, Lavinia Gibbs Logwood.

When the present suit was called for trial in division A, the original counsel for defendant having withdrawn, new counsel, who was substituted, having obtained tentative permission from the trial judge, filed a supplemental answer in which he set up that the second policy issued in which Loulla Benedict Logwood was named as beneficiary, and on which policy this suit was based, was, in fact, a substitute for the old policy and that at no time was it the intent of the defendant company or of the insured that two policies should be issued.

On the death of Logwood, defendant was immediately apprised of the fact that the first policy was in the possession of Lavinia Gibbs and that she was making claim under it, and it also was well aware from its own records of the fact that there was outstanding the substituted policy in which the present plaintiff was named beneficiary. Under these circumstances in order to obtain protection against being required to make payment twice, it could have availed itself of the provisions of Act No. 123 of 1922, under which it could have deposited the proceeds of the policy and cited both claimants to appear and present their claims but it did not choose to do so. On the contrary, it defended both suits and while it is true that in each suit, in an informal way, it called attention to the fact that the other suit was pending, it took no formal proceedings to protect itself as it had a right to do under the statute of 1922.

Under these circumstances the district judge held that by admissions contained in defendant's answer plaintiff was entitled to the judgment which she prayed for. In this the district judge was correct.

When the earlier suit was filed, defendant knew that the basis of that suit was the policy which had first been issued and it also knew that it had issued a substitute policy in which the present claimant was named beneficiary. Whether the first judgment was correct does not, at this time, concern us, because, if defendant chose to contest both claims instead of requiring each claimant to resist the claim of the other, it assumed the risk of losing both suits. It is further evident that the officials of defendant company were and are of the opinion that the policy which forms the basis of this suit is the valid one, and therefore, they cannot be heard to contest this suit on the ground that in another case they have been required to make payment to some one else.

In Smith v. Grand United Order of Odd Fellows of Louisiana, etc., 17 La. App. 532, 136 So. 124, is found a case which resembles this to a phenomenal extent, and there, the

contention in part was that since the second claimant had not intervened in the suit of the first claimant she should not be permitted to prosecute her claim because, if successful, the result would be two judgments where there was, in reality, only one policy. There the court was of the opinion, which we now entertain, that a first judgment in a matter to which the plaintiff in a second suit is not a party cannot prevent the prosecution of a second suit. Strangely enough, the contention made there was presented by the same counsel who originally represented defendant here.

■ With reference to the suggestion made in the brief that the appeal is frivolous and that, therefore, the amount of the judgment should be increased by 10 per cent. we find it unnecessary to say more than that there is in the record no answer to the appeal and, therefore, no increase in the judgment can be made.

The judgment is affirmed.

Affirmed.