ST. PAUL, Justice.
 

 The defendants appeal from a judgment excluding them from all participation in their mother’s estate on the ground that they are adulterous bastards. The mother, Mrs. Lucretia Spohn, died possessed of certain real estate which, it is admitted, came to her by inheritance from her father; also of certain movable property, the proceeds of which seemed to have been used, in great part, for the payment of her debts.
 

 The mother was married twice: First, 1885, to John Hondlenk by whom she had three children who are the plaintiffs; and, second, in 1898, to Eugene Robins by whom she had four children who are the defendants herein.
 

 About 1893, John Hondlenk left the matrimonial domicile and departed for parts unknown because of alleged misconduct on the part of his wife with said Eugene Robins.
 

 As we read the record, John Hondlenk was seen for a period of about 3 months in 1901 by one of his nephews; but it does not appear that said nephew ever made mention of the fact to any one whomsoever until the commencement of this suit and his being called as a witness therein. John Hondlenk has never been heard of since. In 1898, Hondlenk had not been heard of for several years, and it is abundantly proved that his wife received news that he had died of pneumonia in Natchez, Miss., in 1897. And, believing this news to be true, she and Robins married in 1898 (Mangham, Tr. 125; Mrs. Duffy, Tr. 153, 154; Kirn, Tr. 96; John Hondlenk, Tr. 109).
 

 We are therefore of opinion that the second marriage of the mother to Eugene Robins was contracted in good faith and in the honest belief that her first husband was dead; and was therefore a putative marriage and produced all the civil effects of marriage.
 

 The fact that the mother and Robins had lived together in concubinage before their marriage has-nothing to do with the case. The good faith required in matters of putative marriage has nothing whatever to do with the morals of the putative husband or wife; that good faith requires' only the party contracting such marriage should have no certain knowledge of any impediment thereto. Ray v. Knox, 164 La. 193, 113 So. 814.
 

 Nor has it any bearing on the good faith of the parties that they married in an adjoining parish instead of at their home. Smith v. Grand United Order, 17 La. App. 532, 136 So. 124.
 

 We think the succession of this mother should be equally divided among her seven children after deducting the debts and charges.
 

 But in the somewhat confused state of the record before us, we find ourselves unable to
 
 *513
 
 frame a judgment which will carry out in detail the views above expressed; and hence we have concluded to remand the case for a proper and complete judgment in the premises.
 

 Decree.
 

 For the reasons assigned, the judgment appealed from is reversed and set aside, and the case is now remanded for further proceedings and judgment in accordance with the views hereinabove expressed. Costs of appeal to be borne by plaintiffs, and all other costs to be borne by the succession or by the heirs in proportion to their interest.